**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas D. Holt and Rossana Holt, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Countrywide Home Loans, Inc., a New York Corporation Bank, N.A.; Bank of America, N.A.; BAC Home Loans; Fidelity National Title Insurance Corporation, an Arizona corporation; Mortgage Electronic Registration Systems ("MERS"), a Delaware corporation,<br><br>    Defendants. | No. CV11-812-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court is Defendants' Amended Motion to Dismiss (Doc. 23). The Court now rules on the Motion.

## **BACKGROUND**

Plaintiffs Douglas and Rossana Holt borrowed $417,000 (the "Loan") from Defendant Countrywide Home Loans, Inc. to refinance a previous loan for the purchase of real property located at 1465 E. Tierra Street, Gilbert, Arizona (the "Property"). (Compl., Doc. 1-1, ¶6.) A Single Family Fixed Rate Note (the "Note") evidences the Loan. (Ex. A to Am. Motion

1 to Dismiss, Doc. 23-1.)[1] A Deed of Trust dated April 14, 2006 (the "Deed") secures the Loan. (Ex. B to Am. Motion to Dismiss, Doc. 23-1.)[2]

The Deed lists Defendant Mortgage Electronic Registration System ("MERS") as beneficiary and nominee for Countrywide and for the successors and assigns of Countrywide and MERS. And the Deed names Defendant Fidelity National Title Insurance Company as trustee.

The Plaintiffs defaulted on the Loan by failing to make monthly principal and interest payments that became due on March 1, 2009 and thereafter. (Ex. C to Am. Motion to Dismiss, Notice of Statement of Breach or Non-Performance, Doc. 23-1.)[3] Substitute Trustee Michael A. Bosco Jr. therefore publicly recorded a Notice of Trustee's Sale, with a scheduled sale date of March 29, 2011. (Ex. F. to Am. Motion to Dismiss, Doc. 23-1.)

Plaintiffs filed this action in Arizona state court on March 28, 2011. (Doc. 1-1.) Defendants removed to this Court on April 21, 2011. (Doc. 1., Notice of Removal.)

On August 8, 2011, the Property was sold by trustee's sale to AZ Capital Fund, LLC. On August 26, 2011, Mr. Bosco publicly recorded a Trustee's Deed upon Sale covering the Property. (Ex. G to Am. Motion to Dismiss, Doc. 23-1.)

Because of the change in circumstances resulting from the sale of the Property, Defendants sought leave to Supplement (Doc. 19) their original motion to dismiss (Doc. 12) filed on May 12, 2011. Rather than have Defendants file a Supplement, the Court denied the

---

[1] The Court may consider the Note without converting the Motion to a motion for summary judgment because the Plaintiffs reference and necessarily rely on the Note in their Complaint and do not dispute its authenticity, even though they did not attach the Note as an exhibit to the Complaint. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[2] The Court can take judicial notice of matters of public record, such as the Deed, and therefore can consider the Deed and other public filings on a motion to dismiss. *Id*.

[3] Like the Note, the Court can consider the Notice of Statement of Breach without converting the Motion because the Plaintiffs also incorporate the Notice into their Complaint. *Id*.

1 original motion to dismiss as moot and instructed Defendants to file a new, superseding
2 motion to dismiss. (Doc. 22.) Defendant accordingly filed their pending Amended Motion
3 to Dismiss (Doc. 23) on September 28, 2011.  Plaintiffs never filed a response to the
4 Amended Motion to Dismiss, despite the Court instructing them to file a response. (Doc. 22,
5 p.2, "The new Motion to Dismiss will supersede Defendants' prior Motion.  Plaintiffs will
6 file a new response . . .".)

## LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Federal Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

1  Federal Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In Arizona, courts assess the sufficiency of a claim under Arizona Rule of Civil Procedure 8, which mirrors Federal Rule of Civil Procedure 8.[4] *Cullen v. Auto-Owners Ins. Co.*, 189 P.3d 344, 346 (Ariz. banc 2008). Arizona courts follow a notice pleading standard. *Id*. Under that standard, a pleading must give the adverse party fair notice of the nature and basis of the claim and indicate generally the type of litigation involved. *Id*.

If a pleading does not meet the standards of Rule 8, a party may move to dismiss for failure to state a claim pursuant to Arizona Rule of Civil Procedure 12(b)(6). When deciding

---

[4]The Court notes that Plaintiffs filed their Complaint in Arizona state court, which has not adopted *Twombly*. The Court does not need to decide which pleading standard applies, federal or state, because the Complaint fails to state a claim under either standard.

- 4 -

1  a Rule 12(b)(6) motion, Arizona courts consider only the pleading itself and the well-pleaded
2  allegations contained therein. *Id*. The courts assume the truth of all well-pleaded factual
3  allegations and reasonable inferences therefrom. *Id*. "Because Arizona courts evaluate a
4  complaint's well-pled facts, mere conclusory statements are insufficient to state a claim upon
5  which relief can be granted . . . a complaint that states only legal conclusions . . . does not
6  satisfy Arizona's notice pleading standard under Rule 8." *Id*.

7  Arizona courts did not adopt the Supreme Court's admonition in *Conley v. Gibson*,
8  355 U.S. 41 (1957) that complaints should not be dismissed unless it appears beyond doubt
9  that the plaintiff could prove no set of facts in support of her claim. *Id*. at 346-47. Arizona
10 trial courts may not speculate about hypothetical facts that might entitle a plaintiff to relief.
11 *Id*. at 347. Instead, they are limited to considering the well-pleaded allegations and
12 reasonable inferences from those allegations. *Id*.

## ANALYSIS AND CONCLUSION

14 As noted in the background section of this Order, Plaintiffs never filed a response to
15 the Amended Motion to Dismiss. Local Rule of Civil Procedure 7.2(i) provides that if an
16 "unrepresented party or counsel does not serve and file the required answering memoranda
17 . . . such non-compliance may be deemed a consent to the denial or granting of the motion
18 and the Court may dispose of the motion summarily." The Court therefore will grant the
19 Amended Motion to Dismiss on this procedural basis. Further, because the Court ordered
20 Plaintiffs to file a new response to the new motion to dismiss (Doc. 22), the Court also
21 dismisses pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a
22 Court Order and failure to prosecute.

23 Because the Court agrees with and adopts Defendants' arguments in the Amended
24 Motion to Dismiss, the Court also grants the Motion on the merits. As Defendants point out,
25 by failing to obtain injunctive relief before the trustee sale of the Property, Plaintiffs' waived
26 all claims that would have provided defenses or objections to the sale. *Cettolin v. GMAC,*
27 *et al.*, 2010 WL 3834628 *3 (D. Ariz. September 24, 2010).

Section 33-811(C) of the Arizona Revised Statutes reads in pertinent part:

> The trustor . . . and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of sale.

A.R.S. §33-811(C). Plaintiffs acknowledge in their Complaint that they were named Trustors in the Deed. (Doc. 1-1 ¶6.) And Plaintiffs do not dispute that they received notice of the trustee sale of the Property.

The Court finds that Counts Three through Six, Count Eight, and Count Ten of the Complaint all qualify as defenses or objections to the trustee sale of the Property. Plaintiffs therefore waived all those claims when they failed to obtain injunctive relief prior to the sale. A.R.S. §33-811(C). The Court grants the Amended Motion to Dismiss Counts Three through Six, Count Eight, and Count Ten on this additional basis.

The Court dismisses Count One for declaratory relief for failure to state a claim because Count One relies on the Counts waived pursuant to A.R.S. §33-811(C). The Court dismisses Count II for injunctive relief as moot because the sale of the Property has already occurred, and there is no longer anything to enjoin.

In Count Seven, Plaintiffs attempt to allege a wrongful foreclosure claim. Although Arizona state courts have not yet recognized a cause of action for wrongful foreclosure, this Court has. *See, e.g., Schrock v. Federal Nat'l Mortg. Assoc.*, 2011 WL 3348227 *6 (D. Ariz. August 3, 2011). The Court has held that the tort of wrongful foreclosure is not waived by A.R.S. §33-811(C) because it is only ripe once a foreclosure sale has occurred. *Id.* To establish a claim for wrongful foreclosure, Plaintiffs must prove that either they were not in default at the time of the foreclosure or that the foreclosing party caused their default. *See, e.g., Jada v. Wells Fargo Bank, N.A.*, 2011 WL 3267330 *3 (D. Ariz. July 29, 2011).

Plaintiffs have never alleged that they were not in default on the Loan at the time of the foreclosure or that the foreclosing party caused Plaintiffs' failure to make Loan payments.

1  Rather, their allegations center on Defendants not being the appropriate parties, for various
2  reasons, to foreclose on the Property.  Because Plaintiffs do not maintain that they were
3  current on the Loan at the time of the trustee sale, they cannot state a claim for wrongful
4  foreclosure.  The Court therefore grants Defendants' Amended Motion to Dismiss Count
5  Seven on the merits, in addition to the procedural bases for dismissal discussed above.

6        Finally, the Court dismisses Count Nine for failure to state a claim.  In Count Nine,
7  Plaintiffs claim that §33-811(B) is unconstitutional in this case because it raises a
8  presumption of validity regarding the trustee sale, even though the Successor Trustee
9  allegedly did not have the right to initiate foreclosure.  The arguments in Count Nine rely on
10 Plaintiffs' arguments regarding Defendants' lack of authority to conduct the trustee sale,
11 which the Court has ruled Plaintiffs waived.  Even if Plaintiffs had not waived their
12 arguments regarding the proper party to conduct the trustee sale, those arguments rely on
13 legal theories – such as the "show me the note" theory and the separation of the Note and
14 Deed theory – that the Court previously has held fail as a matter of law.  *See, e.g., Hogan v.*
15 *Wash. Mut. Bank*, 261 P.3d 445, 448-49 (Ariz. Ct. App. 2011); *Owens v. Reconstruct Co.*,
16 2011 WL 3684473 *3 (D. Arizona August 23, 2011)(citing *Maxa v. Countrywide Loans,*
17 *Inc.*, 2010 WL 2836958 *4 (D. Arizona July 19, 2010)).

18       For all the reasons cited above, both procedural and merit-based,
19       **IT IS ORDERED** Granting Defendants' Amended Motion to Dismiss (Doc. 23).
20       DATED this 6th day of February, 2012.

James A. Teilborg
United States District Judge

- 7 -